**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAVINDER SINGH,<br>Plaintiff,<br>v.<br>USCIS, et al.,<br>Defendants. | Case No. 1:26-cv-00443 JLT SAB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Docs. 1, 7) |

## I. INTRODUCTION

In this action brought under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, Plaintiff challenges the decision of United States Citizenship and Immigration Services ("USCIS") to dismiss his pending Form I-589 Application for Asylum and Withholding of Removal. (Doc. 1, ¶ 1.) In doing so, USCIS placed Plaintiff into the expedited-removal screening track after having accepted and processed his Form I-589 asylum application, which had been pending since March 2022. (*Id*. at ¶ 3.) In his complaint, Plaintiff seeks a declaration that USCIS's dismissal of his asylum application was "contrary to law, arbitrary and capricious, and in excess of the agency's statutory authority" under the APA. (*Id*. at ¶¶ 4, 6.) Plaintiff seeks an order setting aside UCSIC's dismissal and an injunction requiring USCIS to adjudicate his asylum application on the merits. (*Id*. at ¶ 6.) Defendants move to dismiss the complaint, arguing

that this Court lacks jurisdiction to grant such relief because the Immigration and Nationality Act ("INA") (1) bars judicial review of any claim relating to the implementation or operation of an expedited order of removal pursuant to section 235(b)(1), codified in 8 U.S.C. § 1225(b)(1); and (2) renders judicial review available only in habeas corpus proceedings. (Doc. 7 at 12–16); *see* 8 U.S.C. §§ 1252(a)(2)(A), (e)(1)(A), (e)(2). Defendants further argue lack of jurisdiction because USCIS's dismissal of plaintiff's asylum application is not a final agency action subject to judicial review under the APA. (Doc. 7 at 16–17.) Finally, Defendants argue that Plaintiff has insufficiently alleged that USCIS acted contrary to law in dismissing his asylum application. (*Id*. at 18–20.) For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss. (Doc. 7.)

## II. FACTUAL & PROCEDURAL HISTORY

Plaintiff is a citizen of India who immigrated to the United States on November 21, 2021. (Doc. 1, ¶ 2.) Upon entry, Plaintiff was apprehended by Customs and Border Protection and placed into expedited removal proceedings. (*Id*. at ¶ 25.) The Department of Homeland Security issued him an I-860 Notice and Order of Expedited Removal on November 25, 2021, indicating that pursuant to 8 U.S.C. § 1225(b)(1), Plaintiff is inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for failing to possess valid entry documents. (*Id*.; Doc. 7 at 22.) DHS also issued a Notice to Alien Ordered Removed/ Departure Verification informing the Plaintiff that he was "prohibited from entering, attempting to enter, or being in the United States [f]or a period of 5 years from the date of [his] departure." (Doc. 7 at 24.) Although Plaintiff expressed a fear of returning to India, (*see* Doc. 7 at 28), DHS did not provide him with a credible fear interview and instead released him from DHS custody on discretionary parole.[1] (Doc. 1, ¶¶ 26, 27; *see* Doc. 7 at

[1] Plaintiff alleges that when "ICE released Mr. Singh pursuant to its discretionary authority," ICE "effectively abandoned the expedited removal proceedings against him." (Doc. 1, ¶ 27; *see also* Doc. 13 at 15–16.) Based on the record, it does not appear that DHS ever formally retracted Plaintiff's expedited removal order. (*See* Doc. 7 at 11, 30.) Although Plaintiff argues that "DHS exercised its [] discretion to abandon expedited removal in favor of regular processing," e.g., §240 removal proceedings (*see* Doc. 13 at 15), Plaintiff provides no competent proof to show he was placed into section 240 removal proceedings. (*See* Docs. 1, 13.) To the contrary, Plaintiff concedes that he "has never been placed in removal proceedings before an immigration judge" and that no "Notice to Appear has been filed against him with the Executive Officer for Immigration Review." (Doc. 1, ¶ 28.)

11.) Following his release, Plaintiff continuously resided in the United States. (Doc. 1, ¶ 28.) Plaintiff is not currently detained by DHS. (*See id*. at ¶ 12.)

On March 23, 2022, Plaintiff filed an I-589 Application for Asylum and Withholding of Removal with USCIS, which was accepted by USCIS on April 8, 2022. (Doc. 1, ¶ 29–30.) For over three years, Plaintiff's asylum application remained pending with USCIS. (*Id*. at ¶ 32.) On June 13, 2025, Plaintiff received notice from USCIS regarding his asylum application. (*Id*. at ¶ 33.) That notice, however, indicated that USCIS had dismissed Plaintiff's asylum application as of June 13, 2025, stating in relevant part:

> Department of Homeland Security (DHS) records indicate that you were apprehended by DHS officials, placed in expedited removal, and issued a Form I-860, Notice and Order of Expedited Removal.
>
> The asylum office cannot process your Form I-589 at this time. However, you may still have your claim of fear considered by an asylum officer through the credible fear screening process pursuant to 8 CFR 208.30. To request a credible fear interview with an asylum officer, you must:
>
> 1. take this letter to the U.S. Immigration and Customs Enforcement (ICE) Office of Enforcement and Removal Operations (ERO) Officer in charge of your case;
>
> 2. explain that you have a fear of return to your country or to the country to which you may be removed; and
>
> 3. request that the ERO Officer refer you for a credible fear interview by an asylum officer.
>
> The asylum office will not issue you an appointment notice for your credible fear interview until it has received a referral from ICE ERO.
>
> Your Form I-589 is dismissed as of 06/13/2025. [WHERE APPLICABLE: This dismissal of your Form I-589 includes the dependents included on your Form I-589 who are listed above.] All processing of your Form I-589 is terminated.

(Doc. 7 at 30.)

According to Plaintiff, USCIS's dismissal creates "an impossible procedural loop" because Plaintiff never received a credible fear interview and was released from ICE custody over three years ago; therefore, no pending expedited removal proceeding exists. (Doc. 1, ¶¶ 37, 38.) Defendants argue that Plaintiff's complaint "is an attempt to improperly collaterally attack" his expedited removal. (Doc. 7 at 11.) On January 16, 2026, Plaintiff filed a complaint asking this

Court to require USCIS to adjudicate his asylum application and to declare USCIS's dismissal as contrary to law under the APA and Fifth Amendment Due Process Clause. (*See* Doc. 1 at 10–14.) On April 24, 2026, Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of jurisdiction and for failure to state a claim. (Doc. 7 at 7.) On May 15, 2026, Plaintiff filed an opposition to the motion to dismiss. (Doc. 13.) On May 26, 2026, Defendants filed reply. (Doc. 14.)

## III. LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(1), "a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways. A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2020) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). In such scenario, the Court resolves the defendant's facial attack in a manner akin to "a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, . . . [and] determin[ing] whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id*. (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)). "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings. When the defendant raises a factual attack, the plaintiff must support [their] jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context. The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Id*. (internal citations omitted).[2]

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

---

[2] Defendants raise both facial and factual attacks to plaintiff's jurisdictional allegations by arguing that the allegations are both legally and factually insufficient, and by introducing evidence outside the pleadings. (*See* Doc. 7 at 12–16, 18–20, 22–31.)

550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This plausibility inquiry is a "context-specific task that requires the [] court to draw on its judicial experience and common sense." *Id*. at 679. In doing so, the "court must draw all reasonable inferences in favor of the nonmoving party." *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (internal quotation and citation omitted). However, conclusory allegations and unreasonable inferences do not provide a basis for determining whether a plaintiff has plausibly alleged a claim for relief. *Coronavirus Reporter v. Apple, Inc.*, 85 F.4th 948, 954 (9th Cir. 2023) (internal quotation and citation omitted).

## IV. ANALYSIS

### A. Overview of the Expedited Removal Process

By way of background, a noncitizen is subject to expedited removal if "the applicant (1) is inadmissible because he or she lacks a valid entry document; (2) has not 'been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility'; and (3) is among those whom the Secretary of Homeland Security has designated for expedited removal." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 109 (2020) (citing 8 U.S.C. §§ 1225(b)(1)(A)(i), (iii)(I)–(II)). "Once an immigration officer determines that a designated applicant is inadmissible, the officer must order the alien removed from the United States without further hearing or review." *Id*. (internal quotation and citation omitted). However, applicants can avoid expedited removal by claiming asylum. *Id*. If an applicant "indicates either an intention to apply for asylum" or "a fear of persecution," the immigration officer "shall refer the alien for an interview by an asylum officer." *Id*. (citing §§ 1225(b)(1)(A)(i)–(ii)). The point of this screening interview is to determine whether the applicant has a "credible fear of persecution." *Id*. (citing § 1225(b)(1)(B)(v)).

If the asylum officer finds an applicant's asserted fear to be credible, the applicant will receive "full consideration" of his asylum claim in a standard removal hearing. *Thuraissigiam*, 591 U.S. at 110 (citing 8 C.F.R. § 208.30(f)). If the asylum officer finds that the applicant does not have a credible fear, a supervisor will review the asylum officer's determination. *Id*. (citing 8

C.F.R. § 208.30(e)(8)). If the supervisor agrees with it, the applicant may appeal to an immigration judge, who can take further evidence and "shall make a de novo determination." *Id*. (citing 8 C.F.R. §§ 1003.42(c), (d)(1)). "An alien subject to expedited removal thus has an opportunity at three levels to obtain an asylum hearing, and the applicant will obtain one unless the asylum officer, a supervisor, and an immigration judge all find that the applicant has not asserted a credible fear." *Id*.

Plaintiff was determined to be inadmissible under 8 U.S.C. § 1225(b)(1). (Doc. 7 at 22.) DHS issued an I-860 "Notice and Order of Expedited Removal," where only the top half of the form reading "Determination of Inadmissibility" was completed. (*Id*.) Plaintiff then expressed a fear of persecution but never received a credible fear referral to an asylum officer for an interview. (Doc. 7 at 26–28; Doc. 1, ¶ 26.) This may explain why the bottom half of Plaintiff's I-860 Notice which states "Order of Removal" was never completed. (*See* Doc. 7 at 22); *see Arora v. U.S. Dep't of Homeland Sec.*, No. 25-cv-07064-RFL, 2025 WL 3641586, at *1 (N.D. Cal. Dec. 16, 2025) ("Arora, however, expressed a fear of persecution . . . [b]ut no [credible fear interview] was held or scheduled at that time. Accordingly, the bottom portion of Arora's Form I-860 (entitled "Order of Removal") was not completed . . ."); *Thuraissigiam*, 591 U.S. at 110 ("Applicants can avoid expedited removal by claiming asylum . . . or 'a fear of persecution'").

It is unclear whether this means that the order of removal was *not* final, was *never* issued, or merely that DHS *could not effectuate removal* until after the credible fear determination had occurred. *See* 8 C.F.R. § 208.30(b) ("If an alien subject to section . . . 235(b)(1) of the Act . . . expresses a fear of persecution . . ., the *inspecting officer shall not proceed further with removal of the alien* until the alien has been referred for an interview by a USCIS asylum officer") (emphasis added); *Arora*, 2025 WL 3641586, at *1 (explaining that because the bottom portion of the form was not completed, "no order of expedited removal was issued"); *S.W. v. Noem*, No. 25-cv-9264 (PKC), 2025 WL 3754067, at *1 n.1, 4 (S.D.N.Y. Dec. 29, 2025) (explaining that the bottom portion of the form was "not completed nor was it intended to be completed unless and until there was a final determination of asylum eligibility adverse" to the plaintiff and that "no expedited removal order ha[d] been issued").

In any event, until a positive credible fear determination is made, a noncitizen remains in an "expedited removal" designation. *See Thuraissigiam*, 591 U.S. at 110. Only after a noncitizen receives a positive fear determination are they placed into standard removal proceedings. *Id*. (citing 8 C.F.R. § 208.30(f)). Thus, the Court concludes that Plaintiff remained in an "expedited removal" designation because he never obtained a positive credible fear determination and, as Plaintiff concedes, was never placed into standard section 240 removal proceedings pursuant to an I-862 Notice to Appear. (*See* Doc. 1, ¶ 28.)

**B. Jurisdictional Challenges**

Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. However, the APA does not "confer[] authority to grant relief if any other statute that grants consent to suit *expressly or impliedly forbids the relief which is sought*." *Id*. (emphasis added). Only "agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 8 U.S.C. § 704. Defendants argue that the INA's jurisdiction-stripping provisions expressly forbid Plaintiff's claims. (Doc. 7 at 13–16.) The Court agrees for the following three reasons.

First, under 8 U.S.C. § 1252(a)(2)(A)(i), "*no court shall have jurisdiction to review*, except as provided in subsection (e), *any individual determination* or to entertain any other cause or claim arising from or *relating to the implementation or operation of an order of removal* pursuant to section 1225(b)(1) of this title." (emphasis added). The express terms of the statute prohibit the Court from reviewing Plaintiff's expedited removal designation under § 1225(b)(1). (*See* Doc. 7 at 22.) Plaintiff argues that he is not challenging his individual determination, but rather separate USCIS agency action; namely, USCIS's dismissal of his asylum application after having accepted and processed it for three years. (Doc. 13 at 12–13.) However, USCIS relied on DHS's expedited removal designation in dismissing Plaintiff's asylum application. (*See* Doc. 7 at 30.) Therefore, reviewing USCIS's actions would inherently require assessing DHS's individual determination and assessing whether Plaintiff's "expedited removal" was or is currently valid.

That is expressly barred under 8 U.S.C. § 1252(a)(2)(A)(i). *See Singh v. U.S. Dep't of Homeland Sec.*, No. 25-cv-08180-JST, 2025 WL 3241157, at *1, 3–4 (N.D. Cal. Nov. 20, 2025) (finding that the court lacked jurisdiction to assess the validity of plaintiff's expedited removal order where he similarly challenged USCIS's dismissal of his asylum application after years of having processed it because USCIS's records showed he was placed in expedited removal upon entry, albeit released on parole without a credible fear determination); *Arora*, No. 25-cv-07064-RFL, 2025 WL 3641586, at *1 (same).

Likewise, the Court rejects Plaintiff's argument that the jurisdictional bar only applies to a "live, operative expedited removal order," as opposed to, what he believes to be, an abandoned order of removal in his case. (*See* Doc. 13 at 14–16.) In Plaintiff's view, because DHS released him on discretionary parole for years, DHS effectively abandoned expedited removal; thus, there is no longer an expedited removal order at issue. (*Id.* at 15); *cf. Garcha v. U.S. Dep't of Homeland Sec.*, No. 25-cv-07215-TSH, 2026 WL 747457, at *1–2, 8–9 (N.D. Cal. Mar. 17, 2026) (finding that because plaintiff—who was also placed in expedited removal upon entry but ultimately paroled without receiving a credible fear interview—alleged he was *not* in expedited removal, section 1252(a)(2)(A)'s jurisdictional bar did not apply); *Singh v. U.S. Dep't of Homeland Sec.*, No. 25-cv-04899-WHO, 2026 WL 323329, at *1–2, 4–5 (N.D. Cal. Feb. 6, 2026) (same). However, to assess whether DHS's actions (e.g., releasing Plaintiff on discretionary parole without a credible fear determination) revoked or abandoned Plaintiff's prior removal order, this Court would have to delve into the government's decision to "implement[] . . . an order of removal pursuant to § 1225(b)(1)," which is prohibited. 8 U.S.C. § 1252(a)(2)(A)(i); *see also S.W.*, No. 25-cv-9264 (PKC), 2025 WL 3754067, at *1, 4–8 (explaining that "whether [plaintiff] may be restored to expedited removal proceedings upon the expiration of the term of parole is one of substance" and thus barred under § 1252(a)(2)(A)(ii) and (iii) because it challenges defendants' decision to invoke expedited removal).

Second, even assuming that Plaintiff's expedited removal order was *not* final or was *never* issued because he did not receive a credible fear determination (*see* Doc. 1, ¶ 26), this Court is barred from hearing claims regarding the Attorney General's decision to "commence proceedings

. . . against any alien under this chapter." 8 U.S.C. § 1252(g). USCIS's decision not to adjudicate the asylum application based on DHS's *placement* of the Plaintiff into expedited removal implicates this jurisdictional provision. (*See* Doc. 7 at 30.) As the court in *Edlow* explained, "Plaintiff's challenge to the dismissal of their asylum claims would require the Court to review the government's commencement of removal proceedings. Plaintiff's requested relief necessarily seeks an order invalidating the government's commencement of expedited removal proceedings." *M.T. v. Edlow*, No. 25-cv-2431-ABA, 2025 WL 3760738, at *4 (D. Md. Dec. 30, 2025) (explaining that for each plaintiff, at least the top portion of Form I-860 had been filled out, which established that the government had commenced expedited removal proceedings against each plaintiff).

Third, Plaintiff asks this Court to issue declaratory and injunctive relief, declaring that USCIS's dismissal was contrary to law and requiring USCIS to adjudicate his asylum application on the merits. (Doc. 1, ¶ 4, 6.) However, 8 U.S.C. § 1252(e)(1)(A) expressly limits the court's ability to "enter declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1) of this title." The only exceptions are habeas corpus proceedings, or actions instituted in the United States District Court for the District of Columbia, neither of which apply here. 8 U.S.C. §§ 1252(e)(2), (e)(3). Compelling USCIS to adjudicate Plaintiff's asylum application would directly impede the ongoing expedited removal process and run contrary to applicable regulations. *See* 8 C.F.R. § 208.30(a) (explaining that DHS has exclusive jurisdiction to make asylum and fear of persecution determinations for noncitizens subject to § 1225(b)(1)); 8 C.F.R. § 208.30(f) (explaining that only after a noncitizen is determined to have a positive credible fear determination does USCIS then obtain "complete discretion" to either refer the applicant to the immigration court for full consideration of the asylum application or retain jurisdiction over the application). Thus, to restore USCIS's jurisdiction, this Court would have to invalidate the underlying expedited removal proceeding, which it cannot do. In sum, Defendant's motion to dismiss on Rule 12(b)(1) grounds is **GRANTED**.

///

## V. CONCLUSION AND ORDER

For the foregoing reasons, the Court **ORDERS**:

1. Defendant's motion to dismiss (Doc. 7) is **GRANTED**.
2. Plaintiff's complaint (Doc. 1) is **DISMISSED WITHOUT LEAVE TO AMEND**.[3]
3. The Clerk of Court is directed to **CLOSE** this case.

IT IS SO ORDERED.

Dated: October 2, 2026

UNITED STATES DISTRICT JUDGE

[3] Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend shall be "freely give[n] . . . when justice so requires." Nevertheless, the Court may deny leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). For the reasons set forth above, the Court finds leave to amend would be futile. Plaintiff's claims fail for lack of subject matter jurisdiction. *See Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013) (explaining that dismissal without leave to amend is proper if the complaint could not be "cured by additional factual allegations").